1

2

3

4

5

6

7

8

9

10

11

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

12  JOHN R. GHOLAR, SR.,                    )      1:08-CV-00569 OWW GSA HC
                                            )
13              Petitioner,                 )      FINDINGS AND RECOMMENDATION
                                            )      REGARDING DISMISSAL OF SUCCESSIVE
14       v.                                 )      PETITION FOR WRIT OF HABEAS
                                            )      CORPUS PURSUANT TO
15                                          )      28 U.S.C. § 2244(b)
    JAMES YATES, Warden,                    )
16                                          )
                Respondent.                 )
17  _____)

18

19          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20  pursuant to 28 U.S.C. § 2254.

21          In the petition filed on April 24, 2008, Petitioner challenges his 2001 convictions in Kern

22  County Superior Court for committing a lewd act upon a child under the age of fourteen in violation

23  of Cal. Penal Code § 288(a) for which he received a sentence of thirty-five years to life.  Review of

24  the Court's dockets and files shows Petitioner has previously sought habeas relief with respect to this

25  conviction.[1]  In Gholar v. Scribner, Case No. 1:03-CV-05371 AWI DLB HC, the petition was denied

26  _____

27          [1]The Court takes judicial notice of the docket in Gholar v. Scribner, Case No. 1:03-CV-05371 AWI DLB HC. Fed.
    R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir.1993); Valerio v. Boise Cascade Corp., 80 F.R.D.

28  626, 635 n.1 (N.D.Cal.1978), aff'd, 645 F.2d 699, (9th Cir.) (Judicial notice may be taken of court records).

1   on the merits.

2                              **DISCUSSION**

3           A federal court must dismiss a second or successive petition that raises the same grounds as a

4   prior petition.  28 U.S.C. § 2244(b)(1).  The court must also dismiss a second or successive petition

5   raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive,

6   constitutional right or 2) the factual basis of the claim was not previously discoverable through due

7   diligence, and these new facts establish by clear and convincing evidence that but for the

8   constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying

9   offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a

10  second or successive petition meets these requirements, which allow a petitioner to file a second or

11  successive petition.

12          Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this

13  section is filed in the district court, the applicant shall move in the appropriate court of appeals for an

14  order authorizing the district court to consider the application." In other words, Petitioner must

15  obtain leave from the Ninth Circuit before he can file a second or successive petition in district court.

16  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or

17  successive petition unless the Court of Appeals has given Petitioner leave to file the petition because

18  a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United

19  States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997),

20  *cert. denied*, 117 S.Ct. 794 (1997);  Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

21          Because the current petition was filed after April 24, 1996, the provisions of the

22  Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current

23  petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997).  Petitioner makes no showing that he has

24  obtained prior leave from the Ninth Circuit to file his successive petition attacking the conviction.

25  That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief

26  from that conviction under Section 2254 and must dismiss the petition.  See Greenawalt, 105 F.3d at

27  1277; Nunez, 96 F.3d at 991.  If Petitioner desires to proceed in bringing this petition for writ of

28  habeas corpus, he must file for leave to do so with the Ninth Circuit.  See 28 U.S.C. § 2244 (b)(3).

U.S. District Court

E. D. California

**RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED as successive.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days (plus three days for mailing) after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:   May 6, 2008**                      /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE